**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

SHERILYN JONES,
*Arenac County Public Guardian,*

    Petitioner,                             CASE NO. 09-CV-10235

*v.*                                        DISTRICT JUDGE THOMAS L. LUDINGTON
                                                     MAGISTRATE JUDGE CHARLES E. BINDER

CHRISTINE JENSEN,

    Respondent.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON RESPONDENT'S MOTION TO DISMISS**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**.

**II.    REPORT**

    **A.    Background**

Petitioner Sherilyn Jones originally filed this case in the Arenac County Probate Court and it was removed to this Court on January 21, 2009. On January 26, 2009, the case was referred to the undersigned magistrate judge for pretrial case management.

Petitioner, who is proceeding *pro se*, alleges that Respondent Christine Jensen, who is an employee of the Social Security Administration, superceded the conservator papers issued by the Arenac County Probate Court by removing Petitioner as conservator of Janice Murray and thereby replacing Janice Murray as the payee on all future Social Security checks. Respondent, who is

represented by the United States Attorney's Office, filed a motion to dismiss on February 6, 2009, asserting that the case should be dismissed as moot because on January 27, 2009, the Arenac County Probate Judge entered an order terminating Petitioner Sherilyn Jones as conservator. (Doc. 4.) Petitioner was notified that she had until March 9, 2009, to respond to the motion. (Doc. 7.) No response has been filed. Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for report and recommendation without oral argument.

**B.     Analysis & Conclusion**

Respondent asserts that the case should be dismissed because it is moot. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Motions to dismiss for lack of jurisdiction are properly brought under Federal Rule of Civil Procedure 12(b)(1). "Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) fall into two categories: facial and factual attacks." *Ashley v. U.S.*, 37 F. Supp. 2d 1027, 1029 (W.D. Tenn. 1997) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack challenges the sufficiency of the complaint itself." *Id.* "A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction." *Id.* Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Here, Respondent brings a factual attack to jurisdiction and has provided record evidence that the issue raised by this case is moot. (Doc. 4.) Petitioner has not come forward to meet her burden of demonstrating otherwise. Accordingly, I suggest that Respondent's motion to dismiss be granted because this Court lacks jurisdiction.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                  s/ *Charles E Binder*
                                                             CHARLES E. BINDER
Dated: March 27, 2009                        United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Barbara Tanase, served by first class mail on Sherilyn Jones at P.O. Box 887, Standish, MI, 48658; and served on District Judge Ludington in the traditional manner.

Date: March 27, 2009                        By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder